UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| TARYN TIMMONS,<br>ON BEHALF OF HERSELF AND<br>ALL OTHERS SIMILARLY SITUATED, | } } } } | |
| Plaintiff,<br>v<br>RADIUS GLOBAL SOLUTIONS LLC<br>FK/A NORTHLAND GROUP, INC.,<br>Defendant. | } } } } } } } } | Civil Action, File No.<br>1:19-cv-02202-AMD-CLP |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Taryn Timmons [hereinafter "Timmons"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Radius Global Solutions LLC f/k/a Northland Group, Inc. ("Radius"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendant's regular transaction of business within this district. Venue in this district also is proper based on Radius possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendant also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Timmons is a natural person who resides at 208 Meserole Street, Apt 1, Brooklyn, New York 11206.

6. Timmons is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about November 21, 2017, Radius sent Timmons the letters annexed as Exhibit A. Timmons received and read Exhibit A. For the reasons set forth below, Timmons's receipt and reading of Exhibit A deprived Timmons of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Radius sent Exhibit A to Timmons in an attempt to collect past due debts.

9. The past due debts set forth in Exhibit A was based on Discover Bank giving Plaintiff, as an individual, student loans for her individual use, and then, as an individual, failing to pay back these student loans. Radius, via Exhibit A, attempted to collect these past due debts from Timmons in her individual capacity; and Exhibit A did not refer to any kind of business associated with the accounts. Based on the above, the past due debts at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Radius is a Minnesota Foreign Limited Liability Corporation.

11. Based upon Exhibit A and upon Radius possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Radius is the collection of debts using the instrumentalities of interstate

12. On Exhibit A, Radius identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon the allegations in the above two paragraphs, Radius is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

15. Each letter consisting of Exhibit A sets forth a "Current Balance Due".

16. Upon information and belief, on the date of one or more letters consisting of Exhibit A Discover Bank was not accruing interest, late charges, and/or other charges on the "Current Balance Due" set forth in one or more letters consisting of Exhibit A; and therefore, Defendant violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10) as a result of one or more letters consisting of Exhibit A setting forth the "current" balance due or describing the balance as the "current" balance due.

## SECOND CAUSE OF ACTION-CLASS CLAIM

17. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

18. Each letter consisting of Exhibit A sets forth a "Current Balance Due".

19. If on the date of Exhibit A Discover Bank continued to accrue interest, late charges,

and/or other charges on the "Current Balance Due" set forth in one or more letters consisting of Exhibit A, one or more letters consisting of Exhibit A failed to notify Timmons that her "Current Balance Due" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

20. For the above reason, as a result of the aforementioned omission from one or more letters consisting of Exhibit A, Exhibit A, Defendant violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10) as a result of Radius sending one or more letters consisting of Exhibit A to Timmons.

### THIRD CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

22. Setting forth the "current" balance due or describing the balance due as the "current" balance due without any other information regarding the balance due in and of itself amounts to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### FOURTH CAUSE OF ACTION-CLASS CLAIM

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

24. Each letter consisting of Exhibit A sets forth the following statement:

> "Please note that whenever $600 or more is forgiven as a result of settling a debt for less than the balance owed the creditor may be required to report the amount forgiven to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences regarding a settlement, we encourage you to consult your legal or tax advisor."

25. Setting forth the aforementioned statement amounted to a false, deceptive or misleading

means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### FIFTH CAUSE OF ACTION-CLASS CLAIM

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

27. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### SIXTH CAUSE OF ACTION-CLASS CLAIM

28. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

29. As a result of Radius sending Exhibit A to Timmons, Defendants violated of 15 USC 1692g.

### CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

31. The class consist of (a) all natural persons (b) who received a letter from Northland dated between November 21, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

32. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

33. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

34. The predominant common question is whether Defendant's letters violate the FDCPA.

35. Plaintiff will fairly and adequately represent the interests of the class members.

36. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

37. A class action is the superior means of adjudicating this dispute.

38. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory damages in the amount of $500,000, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      May 28, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107